STATE OF MAINE
CUMBERLAND, ss

DAVID MacLEAN,

Plaintiff

v.

CITY OF PORTLAND,

Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-242

ORDER

**Plaintiff-Jonathan Goodman, Esq.**
**Defendant-Anne Torregrossa, Esq.**

Before the court is a motion for summary judgment by defendant City of Portland seeking the dismissal of plaintiff David MacLean's complaint against the City under the Maine Whistleblowers' Protection Act, 26 M.R.S. § 833(1)(A) & (B).

Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

REC'D CUMB CLERKS OFC
APR 8 '22 AM9:16

Discussion

Briefly stated, the City has offered evidence that MacLean was terminated from his position as the City's Social Services Administrator for poor performance. MacLean disputes the City's evidence that his job performance justified termination. He contends that the adverse employment action taken by the City instead resulted because of issues that he had raised in internal discussions about the City's planning for a new homeless shelter – issues that he contends involved potential violations of law.

Maine's Whistleblower Protection Act states in relevant part:

> No employer may discharge ... an employee ... because:
>     A. The employee, acting in good faith, or a person acting on behalf of the employee, reports orally or in writing to the employer or a public body what the employee has reasonable cause to believe is a violation of a law or rule adopted under the laws of this State, a political subdivision of this State or the United States; [or]
>     B. ... what the employee has reasonable cause to believe is a condition or practice that would put at risk the health or safety of that employee or any other individual.

26 M.R.S. § 833 (1)(A), (B).

In this case MacLean specifically contends that he was subjected to adverse action because (1) he had expressed the view that restricting the proposed homeless shelter to residents of the City would be a violation of law, contravening an alleged statement by the City Manager to the City Council that a residency requirement would be permissible; and (2) he had objected to a decision not to provide a legal memorandum on the residency issue that had been requested by the City Council.

As an initial matter, although MacLean contends that the City Manager had informed the City Council in November 2018 that residency requirements were permissible,[1] the evidence he

---

[1] See Plaintiff's Opposing Statement of Material Facts (OSMF) ¶¶ 77, 105.

2

cites does not fully support that contention. The City Manager stated that he had recently been informed that HUD and the Maine State Housing Authority did not object to residency requirements. But he went on to state that there were still conversations to be had about General Assistance – because General Assistance policy required the City to house individuals who applied. Plaintiff's Ex. T, cited in Plaintiff's OSMF ¶ 105.

MacLean has offered evidence that in response to the City Manager's statements, members of the City Council requested a legal memorandum from the Corporation Counsel's office on the residency issue. A draft memorandum was prepared in November 2018, in which the Corporation Counsel concluded that the General Assistance statute required the City to provide emergency general assistance benefits, including emergency shelter, without regard to residency.

A decision was made not to provide the memorandum to the City Council at that time.[2] The City has offered evidence that this happened because City officials thought the major issue to be decided was the proposed location of the shelter and they did not want to distract the Council with other issues until that had been resolved. MacLean, however, has offered evidence that in meetings with City officials he stated that a residency requirement would violate the General Assistance statute and that the Corporation Counsel's November 2018 legal memorandum should be provided to the City Council. Whether the City Manager disagreed with those views and whether MacLean's statements were met with an angry response from the City Manager are disputed.[3]

---

[2] In revised form, but with the same conclusion, the memorandum was provided to the City Council in June 2019.

[3] MacLean also says that he was concerned that a proposal to limit the proposed shelter to only 150 beds (apparently being considered by the City Council) would jeopardize the health and safety of homeless persons. MacLean has not offered evidence, however, sufficient to proceed with a Whistleblower claim

3

The City has argued that a hypothetical residency requirement, considered but never formally proposed, cannot constitute the kind of violation of law that can sustain a claim under 26 M.R.S. § 833(1)(A). Considering the record in the light most favorable to MacLean as the party opposing summary judgment, MacLean has offered evidence that he was opposing the City Manager's alleged desire pursue an unlawful residency requirement. *E.g.*, Plaintiff's OSMF ¶¶ 92, 94, citing MacLean Aff. ¶¶ 39-40. Accordingly, there is a disputed issue of fact for trial as to whether MacLean was objecting to what he reasonably believed was a potential violation of law. *See Harrison v. Granite Bay Care Inc.,* 811 F.3d 36, 51-52 (1st Cir. 2016) (employee may be whistleblower if acting "in opposition to" an unlawful practice). The Whistleblower statute should be interpreted to protect employees opposing potential violations of law as well as existing violations of law.

In addition, MacLean notes that under the City Administrative Code the Corporation Counsel "shall, when requested, to do so by the City Council or any Committee thereof, . . . furnish written opinions on any subject relating to City affairs." 26 M.R.S. § 833(1)(A) embraces "a violation of a law or rule adopted under the laws of . . . a political subdivision of this State" (emphasis added). Accordingly, MacLean argues that the decision by City officials not to provide the November 2018 legal memorandum to the Council also constituted a violation of law and that his objection to that decision also constituted protected activity under the Whistleblower statute. This may not be a particularly strong claim – because the memorandum was delayed but not

on that issue. *See Pushard v. Riverview Psychiatric Center,* 2020 ME 23 ¶ 19-21, 224 A.3d 1239. It is undisputed that a 200 bed shelter was ultimately proposed.

4

withheld – but considered in the light most favorable to MacLean, it also raises a disputed issue for trial.[4]

Finally, although hotly disputed, MacLean has also raised a genuine issue for trial as to whether there was a sufficient causal connection between the protected activity he contends he engaged in and his discharge. The City has offered evidence that it only terminated MacLean after an independent investigation and based on the investigator's interviews with MacLean's subordinates and co-workers. In some cases, this would be enough to dispel any issue as to causation – even though MacLean disputes the accuracy of what was reported to the investigator. *See Johnson v. York Hospital,* 2019 ME 176 ¶¶ 24-25 & n.3, 222 A.3d 624. MacLean argues, however, that there is evidence that any poor performance on his part would have been overlooked if he had not objected to the City Manager's desire to pursue a residency requirement and to the failure to provide the legal memorandum. Combined with his previously favorable personnel evaluations, this is sufficient to raise a factual dispute for trial.

The entry shall be:

Defendant's motion for summary judgment is denied. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April _5_, 2022

Thomas D. Warren
Active Retired Justice, Superior Court

---

[4] The City contends that MacLean's reliance on the withholding of the November 2018 legal memorandum is a new claim raised for the first time in response to its motion for summary judgment. However, this issue was raised in paragraph 36 of MacLean's complaint.

Entered on the Docket: 04/08/22